Jeffrey Kurtzman
**KURTZMAN STEADY, LLC**
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone:  (215) 883-1600

-and-

Todd M. Goren (*pro hac vice* pending)
Andrew Kissner (*pro hac vice* pending)
Katherine Richardson Arnould (*pro hac vice* pending)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900

*Attorneys for Dr. Michael Jaffé, as insolvency
administrator over the assets of Wirecard AG*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| | : | |
| WIRECARD AG,[1] | : | Case No.21-10936 |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

**VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING
AND APPLICATION FOR RELATED RELIEF, AND MEMORANDUM OF LAW IN
<u>SUPPORT THEREOF</u>**

---

[1] The Debtor's company number, registered with the local court of Munich, is HRB 169227.  The registered office of the Debtor is Einsteinring 35, 85609 Aschheim, Germany.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

JURISDICTION AND VENUE ......................................................................................... 4

FACTUAL BACKGROUND................................................................................................ 4

I.    Wirecard and the German Proceeding ...................................................................... 4

    A.    Wirecard's Pre-Liquidation Business ............................................................ 4

    B.    The German Proceeding ................................................................................. 6

    C.    Events Following Commencement of the German Proceeding............................ 7

    D.    The Securities Litigation................................................................................. 9

II.   The German Proceeding and Insolvency Law ............................................................ 10

RELIEF REQUESTED....................................................................................................... 14

BASIS FOR RECOGNITION ........................................................................................... 14

I.    The German Proceeding Is a Foreign Proceeding And Petitioner is a Foreign
    Representative............................................................................................................ 15

II.   The German Proceeding Is a Foreign Main Proceeding................................................ 17

III.  The German Proceeding Meets All Other Requirements for Recognition ...................... 19

ny-2086681

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re ABC Learning Centres Ltd.*,
  445 B.R. 318 (Bankr. D. Del. 2010), *aff'd*, 728 F.3d 301 (3d Cir. 2013)...............................17

*In re Alno AG*,
  No. 18-12651-KJC (Bankr. D. Del. Dec. 20, 2018), Dkt. No. 34 ..........................................16

*In re Ashapura Minechem Ltd.*,
  No. 11-14668 (JMP) (Bankr. S.D.N.Y. Nov. 22, 2011), ECF No. 34 ...................................15

*DalPoggetto v. Wirecard AG, et al.*,
  No. 2:19-cv-00986-FMO-SK (C.D. Cal. Feb. 8, 2019), Dkt. No. 1 ........................................9

*In re Gold & Honey, Ltd.*,
  410 B.R. 357 (Bankr. E.D.N.Y. 2009)..................................................................................15

*In re Grand Prix Assocs.*,
  No. 09-16545 (DHS), 2009 WL 1410519 (Bankr. D.N.J. May 18, 2009) .......................17, 18

*Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*,
  714 F.3d 127 (2d Cir. 2013)..................................................................................................17

*In re Pickenpack Holding Germany GmbH*,
  No. 16-12681-JLG (Bankr. S.D.N.Y. Oct. 28, 2016), Dkt. No. 15 ........................................16

*In re Qimonda AG*,
  No. 09-14766-RGM (Bankr. E.D. Va. Jul. 22, 2009), Dkt. No. 56.......................................16

*In re Reutax AG*,
  No. 13-12135-MFW (Bankr. D. Del. Sept. 17, 2013), Dkt. No. 35 ......................................16

*In re Suntech Power Holdings Co.*,
  520 B.R. 399 (Bankr. S.D.N.Y. 2014)..................................................................................17

*In re Wirecard AG Securities Litigation*, No. 2:20-cv-03326-AB (E.D. Pa. Jul. 7,
  2020), Dkt. No. 1 ...................................................................................................................9

**Statutes**

11 U.S.C. § 101(23) ...............................................................................................................14, 15

11 U.S.C. § 101(24) ....................................................................................................................14

11 U.S.C. § 1502(4) ....................................................................................................................16

ii

11 U.S.C. §§ 1515(b) ............................................................................................19

11 U.S.C. §§ 1515(c) ............................................................................................19

11 U.S.C. § 1515(d) ..............................................................................................19

11 U.S.C. § 1516(c) ..............................................................................................17

11 U.S.C. § 1517(a) ..............................................................................................14

11 U.S.C. § 1517(b)(1) .........................................................................................16

**Other Authorities**

Articles of Association of Wirecard AG (June 18, 2018), Art. 1(2) .............................................17

iii

Dr. Michael Jaffé, duly appointed insolvency administrator (the "Petitioner") of Wirecard

AG ("Wirecard"), a public limited company subject to a pending insolvency proceeding (the

"German Proceeding") in the Federal Republic of Germany ("Germany") by way of the order

dated August 25, 2020 (case no. 1542 IN 1308/20) (the "Insolvency Order") made by the

Munich Local Court (the "German Court"), by its undersigned United States counsel,

respectfully submits the Official Form Petition, this Verified Petition (together, the "Petition"),

the accompanying Declaration of Christian Pleister executed on April 7, 2021 (the "Pleister

Declaration"), the Declaration of Stephan Madaus executed on April 7, 2021 (the "Madaus

Declaration"), and the Declaration of Todd M. Goren executed on April 7, 2021 (the "Goren

Declaration" and, together with the Pleister Declaration and the Madaus Declaration, the

"Declarations"), seeking entry of an order (the "Proposed Order"), substantially in the form

attached hereto as **Exhibit A**, pursuant to Chapter 15 of title 11 of the United States Code, 11

U.S.C. § 101 *et seq.* (the "Bankruptcy Code"): (a) recognizing the German Proceeding as a

foreign main proceeding pursuant to chapter 15 of the Bankruptcy Code, and Petitioner as

Wirecard's foreign representative under sections 1509 and 1517 of the Bankruptcy Code;

(b) granting relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (c) granting

such other relief as the Court may deem appropriate.  In support thereof, Petitioner respectfully

states as follows:

## PRELIMINARY STATEMENT

1.      Prior to the sale of its core business units, Wirecard was a multinational payment

processor and financial services provider specializing in digital payment solutions for both

business and retail customers around the globe.  Wirecard's common stock is publically traded

on the Frankfurt Stock Exchange in Germany, and also traded over-the-counter in the United

1

States, through both unsponsored American Depositary Receipts ("ADRs") and so-called foreign

issue shares, or "F-Shares".

2.      On June 25, 2020, as a result of allegations of and investigations into potentially

material misstatements in its financial reports and other accounting improprieties, Wirecard—

and in subsequent weeks, a number of its subsidiaries and affiliates—commenced proceedings

under the insolvency laws of Germany (such laws, collectively, the "German Insolvency Code")

in the German Court.  On August 25, 2020, the German Court entered the Insolvency Order and

appointed Petitioner as Insolvency Administrator over the assets of Wirecard.  Although the

commencement of the German Proceeding provides an automatic stay of litigation against

Wirecard with respect to certain claims or causes of action arising prior to the German

Proceeding, the automatic stay is without force or effect in the United States absent recognition

of the German Proceeding as a foreign main proceeding pursuant to chapter 15 of the

Bankruptcy Code.  Over the last seven months, with the benefit of the stay in hand, Petitioner has

overseen the orderly liquidation of Wirecard's main business units, including a sale of its core

business to Banco Santander that closed in January 2021, as well as sales of Brazilian, North

American, Australian, and Turkish subsidiaries, among others.

3.      Shortly after Wirecard sought protection under the German Insolvency Code, on

or about July 7, 2020, a putative class of holders of Wirecard's common stock and ADRs

commenced litigation against Wirecard and certain of its advisors, managers, and affiliated

entities in the United States District Court for the Eastern District of Pennsylvania (the "District

Court"), alleging violations of federal securities laws (the "Pennsylvania Action").  Thereafter,

the Pennsylvania Action was consolidated with a similar class action commenced in February

2019 in the United States District Court for the Central District of California, and the

consolidated securities class action (the "Securities Litigation") remains pending in the District Court.[2]

4.      On or about December 22, 2020, the plaintiffs in the Securities Litigation (collectively, the "Securities Plaintiffs") filed an amended complaint. The amended complaint has not yet been served on Wirecard. Notwithstanding their failure to serve the amended complaint, counsel to the Securities Plaintiffs asserts that Wirecard has defaulted and could seek entry of a default judgment against Wirecard.[3] It is also unclear how the German Court may treat a default judgment or whether the Securities Plaintiffs may seek to attach assets of Wirecard located outside the United States, each of which could have a negative impact upon Wirecard's efforts to liquidate its assets and wind up its affairs in accordance with the German Insolvency Code.

5.      Accordingly, Petitioner requests recognition of the German Proceeding as a foreign main proceeding to obtain a stay of the Securities Litigation—along with any other proceedings and actions that may be commenced against Wirecard and property of its estate that may be located within the United States—in furtherance of the automatic stay which commenced upon the entry of the Insolvency Order by the German Court. Petitioner is also seeking contemporaneously herewith provisional relief that would immediately enjoin the Securities Plaintiffs from proceeding with the Securities Litigation and from taking any actions against any assets of Wirecard that may be located within the territorial jurisdiction of the United States, pending recognition of the German Proceeding.

---

[2] A copy of the docket for the Securities Litigation dated as of April 6, 2021 is attached as Exhibit B to Petitioner's *Emergency Motion for Provisional Injunctive Relief Pending Recognition of Foreign Main Proceeding*, filed contemporaneously herewith.

[3] A copy of correspondence from Securities Plaintiffs' counsel alleging that Wirecard is in default is attached as Exhibit F to the Goren Declaration, filed contemporaneously herewith.

ny-2086681

6.      Recognition of the German Proceeding as a foreign main proceeding and approval of the provisional relief sought by Petitioner would confer upon Wirecard the protection of sections 362 and 1520 of the Bankruptcy Code, thereby preventing any one creditor from gaining an advantage over similarly situated creditors or otherwise interfering with the German Proceeding and implementation of orders of the German Court.  For that reason, Petitioner respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein, and such other relief as the Court determines just and proper.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

8.      Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1410(2) because the Securities Litigation is pending against Wirecard in the District Court.[4]

9.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

10.      The statutory predicates for the relief requested herein are sections 105(a), 362, 1504, 1507, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

## FACTUAL BACKGROUND

### I.      Wirecard and the German Proceeding

#### A.      Wirecard's Pre-Liquidation Business

11.      Wirecard was founded on May 6, 1999 as InfoGenie Europe Aktiengesellschaft. Wirecard is the German holding company of a group of companies which provide payment

---

[4] On information and belief, Wirecard has no material assets located within the United States, although there are
(Footnote continues on next page.)

ny-2086681

processing and other financial services.  It is a public limited company whose common stock is publicly traded on the Frankfurt Stock Exchange and was listed on the DAX index, Germany's primary stock index, consisting of the thirty largest companies that trade on the Frankfurt Stock Exchange.  *See* Pleister Decl., ¶ 5.

12.    Wirecard's headquarters, principal executive offices, and registered office are located at Einsteinring 35, 85609 Aschheim, Germany.  As a result of various acquisitions and incorporations, Wirecard ultimately extended its operations worldwide.  *See* Pleister Decl., ¶ 5.

13.    At the time of its insolvency petition, Wirecard was the ultimate parent company of more than 50 subsidiaries in several countries across Europe, North and South America, Africa and Asia (collectively, the "Wirecard Group").  A corporate organization chart for the Wirecard Group at the time of the insolvency petition is attached to the Pleister Declaration as Exhibit A.

14.    As early as 2015, critical news coverage regarding Wirecard's finances started to emerge. In the beginning of 2019, reports published by sources including the Financial Times questioned Wirecard's business and accounting practices in Asia. *See* Pleister Decl., ¶ 9. On February 18, 2019, the German Federal Financial Supervisory Authority ("BaFin") forbade the short selling of Wirecard's stock for a period of two months.  Among other reasons, BaFin based this decision on the fact that Wirecard's stock temporarily fell by 40% within two weeks of the aforementioned news coverage.  *See* Pleister Decl., ¶ 9.

15.    Critical media coverage of Wirecard continued with reports questioning, among other things, the sales and profits generated via so-called "third party acquiring partners," which pursuant to the description provided by Wirecard at that time were companies that processed

---

(Footnote continued from previous page.)

certain trademarks registered for the benefit of Wirecard.

ny-2086681

payments on Wirecard's behalf in jurisdictions where Wirecard did not have operations or relevant payment licenses, in return for a portion of the fees generated. *See* Pleister Decl., ¶ 10. Wirecard rejected these claims, continued its operations in the ordinary course, and filed several criminal complaints, including against certain journalists. *See* Pleister Decl., ¶ 10.

16.    In October 2019, Wirecard, represented by its supervisory board, retained the auditing firm KPMG in order to undertake a special investigation in connection with certain of the allegations made by the media.  *See* Pleister Decl., ¶ 11.  KPMG ultimately concluded that it had been unable to verify the existence or non-existence of the third party acquiring partner business, in part due to the non-cooperation of the relevant business partners.  *See* Pleister Decl., ¶ 11.

17.    On June 18, 2020, Wirecard announced that Ernst & Young, its long-time auditor, could not confirm approximately EUR 1.9 billion supposedly held in escrow accounts for Wirecard Group entities, and that there were indications that incorrect account balance confirmations had been submitted to Ernst & Young in this respect.  *See* Pleister Decl., ¶ 12.  In light of this and other irregularities, Ernst & Young issued an adverse audit opinion with respect to Wirecard's individual and consolidated annual financial statements for the year 2019.  *See* Pleister Decl., ¶ 12.

### B.    The Insolvency Proceedings

18.    On June 25, 2020, Wirecard filed an application with the German Court to initiate insolvency proceedings under the German Insolvency Code.  By resolution dated the same day, the German Court appointed Petitioner to serve as expert, and in a subsequent resolution dated June 29, 2020, appointed him as preliminary insolvency administrator in order to determine whether the assets of Wirecard would cover the costs of the insolvency proceedings, review

6

whether grounds for the opening of insolvency proceedings existed, and evaluate the viability of Wirecard's business going forward.  *See* Madaus Decl., ¶ 26; Pleister Decl., ¶¶ 14, 15.

19.      On August 25, 2020, the German Court appointed Petitioner as Insolvency Administrator.  *See* Madaus Decl., ¶ 28; Pleister Decl., ¶ 17.  Pursuant to the Insolvency Order, the German Court appointed a Creditors' Committee (as defined herein) consisting of ING Bank AG, a branch of ING-DiBa AG, Rechtsanwalt Marvin Kewe, Anne Rösener, and Trinity Investments DAC.  Commerzbank Aktiengesellschaft was subsequently elected by the creditors' assembly as a fifth member of the Creditors' Committee.  *See* Madaus Decl., ¶ 29; Pleister Decl., ¶ 17.

20.      The German Court also established October 16, 2020 as the Claims Bar Date (as defined herein) and set the initial Report Meeting (as defined herein) for November 18, 2020.  As set forth in further detail herein and in the Madaus Declaration, creditors may file claims with the Insolvency Administrator after the Claims Bar Date, but may be required to pay a nominal, statutory fee in connection therewith.  *See* Madaus Decl., ¶ 28.  Although the Verification Meeting (as defined herein) was originally scheduled for December 10, 2020, it was subsequently postponed to April 15, 2021.  *See* Madaus Decl., ¶ 29.

### C.      Events Following Commencement of Insolvency Proceedings

21.      Immediately upon being appointed as an expert by the German Court on June 25, 2020, Petitioner requested information from third party stakeholders so that all information relating to Wirecard's business and assets could be understood.  *See* Pleister Decl., ¶ 18.  An ongoing dialogue with a number of these stakeholders has ensued, and a detailed review of the records obtained has been undertaken, particularly in relation to the assets of Wirecard.  *See id.* In-person meetings and teleconferences have been set up as and when required, and Petitioner is continuing his efforts to gather books, records and information pertaining to Wirecard.  *See id.*

22.    In addition to these administrative matters, Petitioner has also overseen the sale of Wirecard's Core Business (as defined in the Pleister Declaration) and its international subsidiaries in a manner that maximizes value for Wirecard's creditors.  *See* Pleister Decl., ¶ 19. Since the commencement of the German Proceeding, the following significant transactions have been successfully negotiated:

(a)    On August 19, 2020, PagSeguro Internet S.A., Brazil, a subsidiary of the NASDAQ-listed PagSeguro Digital Ltd, purchased all shares in Wirecard Brazil S.A. (99.967% of which were held by Wirecard's solvent wholly-owned subsidiary Wirecard Acquiring & Issuing GmbH ("WDAI") and 0.033% by Wirecard).  The transaction closed on October 31, 2020.

(b)    On October 22, 2020, WDAI, entered into a stock purchase agreement for the sale of Wirecard North America Inc. to Newport Parent, Inc.  The transaction closed on December 10, 2020.

(c)    On November 16, 2020, a subsidiary of the leading European banking group Banco Santander S.A. entered into agreements to purchase the Core Business from Wirecard and its affiliates or their respective insolvency administrator.  The transaction closed on January 28, 2021.

(d)    On March 28, 2021, Live group Pty Ltd, Australia entered into a share sale and purchase agreement regarding Wirecard's indirect Australian subsidiary.  The transaction is expected to close in April 2021.

(e)    On March 29, 2021, Finch Capital Fund II Coöperatief U.A., Netherlands entered into a share sale and purchase agreement regarding Wirecard's indirect Turkish subsidiary. The transaction is expected to close during the second half of 2021.

*See* Pleister Decl., ¶¶ 8, 19.

23.    In addition to overseeing the disposition of the aforementioned businesses and subsidiaries, from his appointment as expert during the preliminary insolvency proceedings and over the course of the German Proceeding to date, the Insolvency Administrator has, among other things, engaged and overseen the following specific and general matters

a)    Overseeing the administration and management of Wirecard;

8

<ol type="a" start="2">
<li>Gaining access to and control over certain electronic files of Wirecard and undertaking a detailed review of the same;</li>
<li>Initiating an investigation with respect to the irregularities that led to the insolvency petition;</li>
<li>Monitoring the Securities Litigation;</li>
<li>Holding ongoing discussions with all of the major creditors of Wirecard;</li>
<li>Holding meetings and discussions with management and employees of Wirecard;</li>
<li>Liaising with Wirecard's banks to arrange for control and transfer of funds to the Insolvency Administrator; and</li>
<li>Holding ongoing discussions with financial regulators, including BaFin.</li>
</ol>

*See* Pleister Decl., ¶ 20.

### D.    The Securities Litigation

24.    On February 8, 2019, a class action was commenced in the United States District Court for the Central District of California against Wirecard and certain members of its Management Board, alleging violations of federal securities laws.  *See DalPoggetto v. Wirecard AG, et al.*, No. 2:19-cv-00986-FMO-SK (C.D. Cal. Feb. 8, 2019) (the "California Action"), Dkt. No. 1.  Wirecard moved to dismiss the California Action, arguing that Wirecard was not subject to personal jurisdiction in the Central District of California and that Germany was a more appropriate forum to adjudicate the dispute.  *See* California Action, Dkt. No. 73.  Wirecard also sought dismissal on the merits, contending that the plaintiffs in the California Action had failed to adequately allege a violation of U.S. securities laws by Wirecard.  *See id.*  As a result of the transfer of venue and consolidation of the California Action with the Pennsylvania Action, Wirecard's motion to dismiss the California Action was never decided.

25.    Shortly after Wirecard sought protection under the German Insolvency Code, on or about July 7, 2020, a putative class of holders of Wirecard's common stock and ADRs

9

commenced the Pennsylvania Action in the District Court.  *See In re Wirecard AG Securities Litigation*, No. 2:20-cv-03326-AB (E.D. Pa. Jul. 7, 2020) ("Wirecard Sec. Lit."), Dkt. No. 1.  On October 8, 2020, the District Court entered an order authorizing the transfer of the California Action, thereby consolidating the Pennsylvania Action with the California Action.  *See* Wirecard Sec. Lit., Dkt. No. 36.  The consolidated Securities Litigation remains pending in the District Court.

26.    On or about December 22, 2020, the Securities Plaintiffs filed the Amended Complaint against, among others, Wirecard.  *See* Wirecard Sec. Lit., Dkt. No. 53.  The Securities Plaintiffs, however, have not served Wirecard with the Amended Complaint.

27.    Notwithstanding their failure to serve Wirecard, the Securities Plaintiffs assert that Wirecard has defaulted.  *See* Goren Decl., Exh. F.  Accordingly, while Petitioner disputes that the Securities Plaintiffs can properly seek a default judgment against Wirecard, it is nonetheless possible that the Securities Plaintiffs may seek to do so.

## II.    The German Proceeding and Insolvency Law

28.    The principal object of the German Insolvency Code is to achieve the "collective satisfaction of a debtor's creditors," either by "liquidation of the debtor's assets" or through an "insolvency plan . . . in order to maintain the enterprise."  *See* Madaus Decl., ¶ 9 (citing German Insolvency Code, § 1).  A brief description of the major features of the German Insolvency Code and the administration of proceedings commenced thereunder follows.[5]

29.    Either the debtor or a creditor may file a petition with the German local insolvency court in whose district the center of main interest ("COMI") of the debtor is located,

---

[5] An official translation of the German Insolvency Code is attached as Exhibit A to the Madaus Declaration, filed contemporaneously herewith.  For a more detailed description of the German Insolvency Code, see the Madaus Declaration filed contemporaneously herewith, the contents of which are incorporated by reference as if fully set

(Footnote continues on next page.)

ny-2086681

and the insolvency proceeding will be commenced pursuant to an order of such court. *See* Madaus Decl., ¶ 10. The debtor may be found to be insolvent pursuant to either an "inability to pay" test (also known as "illiquidity") or, for corporations, a balance sheet insolvency test (or "over-indebtness"). *See id.*, ¶ 10.

30.     The order entered by the German local insolvency court provides for the appointment of an insolvency administrator (the "<u>Insolvency Administrator</u>"), establishes a deadline for the filing of claims (the "<u>Claims Bar Date</u>"), and schedules one or more general creditor meetings (the "<u>Creditors' Assembly</u>"). *See* Madaus Decl., ¶ 11. The Insolvency Order is published on the internet and notice is sent directly to all creditors known to the debtor. *See id.*, ¶ 11.

31.     Generally, upon the opening of the insolvency proceedings, the debtor's right to manage and transfer the assets of the estate vests in the Insolvency Administrator, who takes possession of and administers the estate of the debtor promptly thereafter. *See* Madaus Decl., ¶ 13. Generally, the Insolvency Administrator assumes sole responsibility for the management of the estate of the debtor, including the debtor's business, and only he or she may dispose of the debtor's assets. *See id.*, ¶ 13.

32.     The commencement of insolvency proceedings acts as an automatic stay of civil litigation regarding the estate until (a) such litigation is resumed by the Insolvency Administrator, (b) the stay is terminated in accordance with the provisions of the German Insolvency Code, or (c) the insolvency proceedings terminate. *See* Madaus Decl., ¶ 14. The automatic stay, however, is without force or effect in the United States absent recognition of the German Proceeding as a foreign main proceeding pursuant to chapter 15 of the Bankruptcy

---

(Footnote continued from previous page.)

forth herein.

Code. The enforcement of claims that arose prior to the opening of the insolvency proceedings ("Insolvency Claims"), against the debtor's estate is prohibited during course of insolvency proceedings. *See id.*, ¶ 14. If such Insolvency Claims were the subject of court proceedings pending prior to the opening of insolvency proceedings, such litigation is also stayed and the claimant must file its Insolvency Claim or Claims with the administrator. *See id.*, ¶ 14.

33.     Creditors play an active and central role in proceedings under the German Insolvency Code. The Creditors' Assembly may elect a creditors' committee (a "Creditors' Committee"), which supports and supervises the administration of the debtor's estate by the Insolvency Administrator. *See* Madaus Decl., ¶ 15. Any action proposed to be taken by the administrator that is expected to be of significance to the estate or that may have a material impact on distributions to creditors is subject to the approval of the Creditors' Assembly or, if established, the Creditors' Committee. *See id.*, ¶ 16. This includes a sale of the debtor's business as a going-concern (similar to a sale pursuant to section 363 of the U.S. Bankruptcy Code). *See id.*, ¶ 16.

34.     The Insolvency Order establishes the date of the first meeting of the Creditors' Assembly (the "Report Meeting"), at which the Insolvency Administrator must report on the status of the debtor's business and his or her expectations for the insolvency proceeding, and the possibility of continuing or reorganizing the business as a going concern. *See* Madaus Decl., ¶ 17. At the end of the Report Meeting, the Creditors' Assembly determines whether the debtor's estate shall be liquidated or (preliminarily) continued. *See id.*, ¶ 17. After the Report Meeting—and depending upon the decision made by the Creditors' Assembly—the Insolvency Administrator will either proceed with the liquidation of the debtors' assets or implement other

measures, which may include negotiating and drafting a plan of reorganization, consummating a going concern sale of the debtor, or proceeding with a piecemeal liquidation. *See id.*, ¶ 20.

35.     The Insolvency Court also schedules a verification and acceptance meeting (the "Verification Meeting") of the Creditors' Assembly, at which the Insolvency Administrator verifies all claims filed by creditors, including claims filed after the Claims Bar Date. *See* Madaus Decl., ¶ 18.   An Insolvency Claim, including one filed after the Claims Bar Date, is deemed accepted if neither the Insolvency Administrator nor a creditor objects to it.  *See id.*, ¶ 19.  Otherwise, if a claim is challenged, the creditor asserting such claim must initiate litigation in the local ordinary court (and not the Insolvency Court) in the district where the insolvency proceedings are pending seeking allowance of the Insolvency Claim in the full asserted amount. *See id.*, ¶ 19.  As a result of this arrangement, Insolvency Claims may be and often are filed and adjudicated throughout the entire insolvency proceeding until the final meeting of the Creditors' Assembly at which the creditors approve the final distribution scheme.  *See id.*, ¶ 20.

36.     The Insolvency Administrator is obligated to honor substantially all valid pre-bankruptcy security rights and interests.  *See* Madaus Decl., ¶ 21.  Any proceeds realized on account of unencumbered property—or left over after the satisfaction of secured claims—is used primarily to cover administrative expenses of the proceedings, which include court fees, the remuneration of the Insolvency Administrator and of the members of the Creditors' Committee, and postpetition claims against the estate pursuant to sections 54 and 55 of the German Insolvency Code.  *See id.*, ¶ 22.

37.     As German law does not define any preferred unsecured creditor class, all remaining amounts are to be paid to general unsecured creditors *pari passu* in accordance with their share in the aggregate of filed and verified Insolvency Claims.  *See* Madaus Decl., ¶ 23.

Only after all general unsecured claims are paid in full, may distributions to subordinated creditors be considered.  *See id.*, ¶ 24.  Payments to shareholders are only permissible after all creditor claims of every rank have been paid in full.  *See id.*, ¶ 24.

38.    The insolvency proceedings terminate either upon the conclusion of the liquidation of all the debtor's assets and the distribution of proceeds among all creditors according to their share, or the implementation of a restructuring plan allowing the debtor to continue its business.  *See* Madaus Decl., ¶ 25.

## RELIEF REQUESTED

39.    By this Verified Petition, Petitioner seeks the following relief:

(a)    Recognition of the German Proceeding as a foreign main proceeding pursuant to Chapter 15 of the Bankruptcy Code, and Petitioner as Wirecard's foreign representative under sections 1509 and 1517 of the Bankruptcy Code; and

(b)    Relief pursuant to sections 1520 and 1521 of the Bankruptcy Code.

## BASIS FOR RECOGNITION

40.    Section 1517 of the Bankruptcy Code mandates entry of an order recognizing a "foreign proceeding" if it appears that recognition will not undermine U.S. public policy and: "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding . . . within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515."  11 U.S.C. § 1517(a).

41.    Each of those requirements is met here, and entry of an order substantially in the form attached hereto as **Exhibit A** will significantly aid Petitioner's efforts to administer Wirecard's assets and liabilities, and ensure a fair and equitable treatment of and greater distributions to Wirecard's creditors and interest holders.

14

## I.    The German Proceeding Is a Foreign Proceeding And Petitioner is a Foreign Representative

42.    Section 101(23) of the Bankruptcy Code defines a foreign proceeding as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).  This definition incorporates the term foreign representative, which the Bankruptcy Code in turn defines as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."  11 U.S.C. § 101(24).  Petitioner and the German Proceeding both clearly satisfy each of these requirements.

43.    *First*, the German Proceeding is a judicial proceeding in a foreign country—Germany—subject to the control and supervision of the German Court.  *See* Pleister Decl., ¶ 29; Madaus Decl., ¶ 14.  All claims against Wirecard must be submitted in the German Proceeding, and creditors are expressly barred by the provisions of the German Insolvency Code from adjudicating any claims arising prior to the commencement of the German Proceeding without leave of the German Court.  *See* Madaus Decl., ¶ 14.

44.    *Second*, Wirecard is being represented in the German Proceeding—and its liquidation is being supervised—by Petitioner, who was appointed by the German Court to oversee the liquidation of Wirecard according to the provisions of the German Insolvency Code.  *See* Pleister Decl., ¶ 17; Madaus Decl., ¶ 28.  As such, Petitioner is a "person authorized in a foreign proceeding to administer the reorganization or the liquidation of [Wirecard's] assets or affairs," within the meaning of section 101(24).

15

45.  *Third*, the relevant portions of the German Insolvency Code specifically relate to proceedings concerning "insolvency or adjustment of debt."  11 U.S.C. § 101(23).  *See generally* Madaus Decl.

46.  *Finally*, the German Proceeding is a "collective . . . proceeding" because it "considers the rights and obligations of all creditors*." See, e.g., In re Ashapura Minechem Ltd.*, No. 11-14668 (JMP) (Bankr. S.D.N.Y. Nov. 22, 2011), ECF No. 34, at 6 (*quoting In re Betcorp Ltd.*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009)); *In re Gold & Honey, Ltd.*, 410 B.R. 357, 370 (Bankr. E.D.N.Y. 2009) (citations omitted).  Pursuant to the Insolvency Order and the German Insolvency Code, the German Proceeding and Petitioner's management of Wirecard's assets and affairs are subject to the supervision and control of not only the German Court, but the Creditors' Committee and Creditors' Assembly.

47.  Accordingly, numerous courts have found that proceedings brought pursuant to the German Insolvency Code qualify as "foreign proceeding[s]," and that an Insolvency Administrator appointed by the German Court qualifies as a "foreign representative" for purposes of section 101(23) and (24).  *See, e.g., In re Alno AG*, No. 18-12651-KJC (Bankr. D. Del. Dec. 20, 2018), Dkt. No. 34; *In re Pickenpack Holding Germany GmbH*, No. 16-12681-JLG (Bankr. S.D.N.Y. Oct. 28, 2016), Dkt. No. 15; *In re Reutax AG*, No. 13-12135-MFW (Bankr. D. Del. Sept. 17, 2013), Dkt. No. 35; *In re Qimonda AG*, No. 09-14766-RGM (Bankr. E.D. Va. Jul. 22, 2009), Dkt. No. 56.[6]

48.  For the foregoing reasons, the German Proceeding is a "foreign proceeding" within the meaning of section 1517(a)(1) of the Bankruptcy Code.

---

[6] A copy of each of the orders referenced in paragraph 47 hereof is attached to the Goren Declaration filed contemporaneously herewith.

## II.     The German Proceeding Is a Foreign Main Proceeding

49.     The German Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code because Wirecard's COMI is in Germany.   The Bankruptcy Code defines a "foreign main proceeding" as "a foreign proceeding pending in the country where the debtor has the center of its main interests."   11 U.S.C. § 1502(4).   A foreign proceeding "shall be recognized" as a foreign main proceeding if it is pending where the debtor has its COMI.   *See* 11 U.S.C. § 1517(b)(1).

50.     Although the Bankruptcy Code does not define "center of main interests," pursuant to section 1516(c) of the Bankruptcy Code, in the absence of evidence to the contrary, the debtor's registered office, which in this case is in Aschheim, Germany, *see* Pleister Decl., ¶ 5,[7] is presumed to be its COMI.   11 U.S.C. §1516(c); *see also In re ABC Learning Centres Ltd.*, 445 B.R. 318, 333 (Bankr. D. Del. 2010), *aff'd*, 728 F.3d 301 (3d Cir. 2013) (holding that debtor's registered jurisdiction was its COMI where debtor established the section 1516 presumption, and no evidence was presented rebutting that presumption).   Further, there is no contrary evidence to rebut the resulting presumption that Germany is Wirecard's COMI.   Indeed, the German Court, in accepting Wirecard's petition for protection under the German Insolvency Code, expressly held that Munich was Wirecard's COMI for the purposes of establishing jurisdiction over the insolvency proceeding.   *See* Pleister Decl., ¶ 24.

51.     In addition to the presumption provided under Bankruptcy Code section 1516, courts consider any relevant factors, including: (a) the location of the debtor's assets; (b) the location of the debtor's books and records; (c) the location of the majority of the debtor's

---

[7] *See also* Articles of Association of Wirecard AG (June 18, 2018), Art. 1(2), *available at* https://www.wirecard.com/wp-content/uploads/2021/02/15_EN_Articles_of_Association_Wirecard_AG_June2018.pdf   (last   accessed Mar. 31, 2021) (registered office is in Aschheim bei München, Germany).

creditors; (d) the commercial expectations and knowledge of the debtor's creditors; and (e) the

location of those who actually manage the debtor. *See, e.g., In re Suntech Power Holdings Co.,*

520 B.R. 399, 416 (Bankr. S.D.N.Y. 2014) (citation omitted); *In re Grand Prix Assocs.,* No. 09-

16545 (DHS), 2009 WL 1410519, at *22 (Bankr. D.N.J. May 18, 2009). These factors, however,

are not dispositive or exclusive, and none of the factors are required. *See Morning Mist Holdings*

*Ltd. v. Krys (In re Fairfield Sentry Ltd.),* 714 F.3d 127, 137-38 (2d Cir. 2013). The overarching

question is whether a Chapter 15 debtor's COMI would have been readily ascertainable to parties

in interest, such as the debtor's creditors. *See Grand Prix Assocs.,* 2009 WL 1410519, at *6.

52.     Applying the foregoing factors to this case, there is no doubt that Wirecard's

COMI is Germany. With respect to the first two factors—the location of the debtor's assets and

books and records—the vast majority of Wirecard's books, records, contracts, operating

agreements, and other critical documentation are located in Germany. *See* Pleister Decl., ¶ 25.

In addition, the proceeds realized by Petitioner from the sale of Wirecard's Core Business and

international subsidiaries have been remitted to Germany for application in a manner consistent

with the German Insolvency Code. *See* Madaus Decl., ¶ 21.

53.     With respect to the third factor—location of Wirecard's creditors—although

creditors exist worldwide, the major creditor stakeholders in the German Proceeding are German

entities, as reflected by the composition of Wirecard's Creditors' Committee. *See* Pleister Decl.,

¶ 17; Madaus Decl., ¶ 29.

54.     As to commercial expectations, and whether COMI would have been "readily

ascertainable" to third parties, *see Grand Prix Assocs.,* 2009 WL 1410519, at *6, Wirecard has

always been considered a German company. Specifically, Wirecard was formed as a limited

public company under the laws of Germany and maintained its registered office in Aschheim,

Germany.  *See* Pleister Decl., ¶ 5.   Its stock is currently traded on the Frankfurt Stock Exchange

and was among the thirty largest companies listed.  *See* Pleister Decl., ¶ 5.   In addition, based

upon Petitioner's review of "voluminous documentation" concerning Wirecard, it is consistently

referred to and addressed as a German company.  *See* Pleister Decl., ¶ 27.

55.     Finally, since the commencement of the German Proceeding, the location of those

who actually manage Wirecard—*i.e.*, Petitioner—have also been located in Germany.  *See*

Pleister Decl., ¶ 26.   Indeed, the Insolvency Administrator is solely responsible for the disposal

of Wirecard's assets, and remains accountable to the German Creditors' Committee, the German

Creditors' Assembly, and, ultimately, the German Court.

56.     Under the circumstances, Petitioner submits that there is ample evidence and

precedent to support recognition of the German Proceeding as a foreign main proceeding.

## III.     The German Proceeding Meets All Other Requirements for Recognition

57.     In addition to being a foreign main proceeding brought by a duly appointed

foreign representative, the German Proceeding meets all other requirements for recognition

under section 1515 of the Bankruptcy Code.  The Petition is accompanied by certified copies of

the preliminary and final Insolvency Order issued by the German Court, which evidences the

commencement of the German Proceeding and the appointment of Petitioner as Insolvency

Administrator of Wirecard on both an interim and final basis.  *See* Pleister Decl., Exhs. B and C.

The Petition also is accompanied by a declaration that contains a statement identifying all foreign

proceedings with respect to Wirecard that are known to Petitioner.  *See* 11 U.S.C. §§ 1515(b),

(c); *see also* **Exhibit B** hereto.

58.     The Petition likewise is accompanied by a declaration containing the information

required by Bankruptcy Rule 1007, including the disclosures required by Bankruptcy Rule

7007.1, a statement indicating that there are no other persons or entities known to Petitioner that

19

are authorized to administer a foreign proceeding with respect to Wirecard, and a list of all parties to litigation with Wirecard in the United States.  *See* **Exhibit B** hereto.  All documents supporting the Petition are in English.  *See* 11 U.S.C. § 1515(d).  For all of these reasons, this Court can and should find that all of the requirements for recognition of the German Proceeding as a foreign main proceeding under Chapter 15 have been satisfied.

*[Signature page follows]*

Dated:  April 7, 2021
       New York, New York

                              Respectfully submitted,

                              /s/ *Jeffrey Kurtzman*

                              Jeffrey Kurtzman
                              **KURTZMAN STEADY, LLC**
                              401 S. 2nd Street, Suite 200
                              Philadelphia, PA 19147
                              Telephone:  (215) 883-1600

                              -and-

                              Todd M. Goren (*pro hac vice* pending)
                              Andrew Kissner (*pro hac vice* pending)
                              Katherine Richardson Arnould (*pro hac vice*
                              pending)
                              **MORRISON & FOERSTER LLP**
                              250 W 55th St.
                              New York, NY 10019
                              Telephone: 212-468-8000
                              Facsimile: 212-468-7900

                              *Attorneys for Dr. Michael Jaffé, as insolvency*
                              *administrator over the assets of Wirecard AG*

21

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Dr. Michael Jaffé declares as follows:

I am the duly appointed insolvency administrator of Wirecard AG, pursuant to an order of the Local Court of Munich – Insolvency Court, which order was made pursuant to a petition presented under the German Insolvency Code.  I have full authority to verify the foregoing *Verified Petition for Recognition of a Foreign Main Proceeding and Application for Related Relief, and Memorandum of Law in Support Thereof* (the "Verified Petition").  I have read the Verified Petition, am informed, and believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of April, 2021, in Munich, Germany.

_/s/ Michael Jaffé_____
Dr. Michael Jaffé
Insolvency administrator over the assets of
Wirecard AG

1

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | : Chapter 15 |
| | : |
| | : |
| WIRECARD AG,[1] | : Case No. __-_____ |
| | : |
| | : |
| Debtor in a Foreign Proceeding. | : |
| | : |

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

Dr. Michael Jaffé, duly appointed insolvency administrator (the "Petitioner") of Wirecard AG ("Wirecard"), a public limited company subject to a pending insolvency proceeding (the "German Proceeding") in the Federal Republic of Germany ("Germany") by way of the order dated August 25, 2020 (case no. 1542 IN 1308/20) (the "Insolvency Order") made by the Munich Local Court (the "German Court"), by its United States counsel, Kurtzman Steady LLC and Morrison & Foerster LLP, having filed the Official Form Petition and the *Verified Petition for Recognition of a Foreign Main Proceeding and Application for Related Relief, and Memorandum of Law in Support Thereof* (the "Verified Petition"[2] and, together with the Official Form Petition, the "Petition"), and the accompanying Pleister Declaration, Madaus Declaration, and Goren Declaration, seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition and the Declarations, together with all exhibits thereto, in support of the Petition; and a hearing having been held on [            ], 2021 (the "Hearing"), at which the Declarations were received in evidence; and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given

---

[1] The Debtor's company number, registered with the local court of Munich, is HRB 169227. The registered office of the Debtor is Einsteinring 35, 85609 Aschheim, Germany.

by Petitioner, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and any objections or other responses to the Petition having been withdrawn, overruled, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.   Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(2) because the Securities Litigation is pending against Wirecard in this district, and the Court may enter a final order consistent with Article III of the United States Constitution.

C.   This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.   Petitioner is the "foreign representative" of Wirecard pursuant to 11 U.S.C. § 101(24).

E.   The chapter 15 case of Wirecard was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F.   Petitioner has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.   The German Proceeding is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23).

H.   The German Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.   The German Proceeding is pending in Germany, the country where Wirecard's center of main interests is located, and accordingly the German Proceeding is a foreign main proceeding

---

2  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Verified Petition.

pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.   Petitioner is entitled to all of the relief provided under 11 U.S.C. § 1520 and certain additional relief pursuant to 11 U.S.C. § 1521.

K.   The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.   That the Petition is granted as set forth herein.

2.   The German Proceeding is recognized as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and (b)(1).

3.   The relief and protection afforded under 11 U.S.C. § 1520 is hereby granted, including the application of the automatic stay under section 362 of the Bankruptcy Code to Wirecard and its property in the territorial jurisdiction of the United States; *provided*, that nothing herein modifies or limits the exceptions to the automatic stay that are set forth in section 362 or elsewhere in the Bankruptcy Code.   Accordingly, to the extent permitted by section 362 or elsewhere in the Bankruptcy Code, all persons and entities are stayed from:

(a)   executing against Wirecard's property or assets;

(b)   taking or continuing any act to obtain possession of, or exercise control over, Wirecard or any of Wirecard's property or assets;

(c)   taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (with respect to Wirecard), Wirecard, or any of Wirecard's property or assets as of the date of the filing of the Petition,

or otherwise seeking the issuance of or issuing any restraining notice or other process or

encumbrance with respect to Wirecard or any of Wirecard's property or assets; and

(d)    transferring, relinquishing or disposing of any property of Wirecard to any

person or entity other than Petitioner.

4.    Petitioner is hereby authorized to take possession and to seek turnover of any and all

documents, records, filings, or other information, however stored, that belongs to Wirecard and that

is found in the territorial jurisdiction of the United States.

5.    Petitioner is authorized to operate the business of Wirecard that is the subject of the

German Proceeding and may exercise the powers of a trustee under and to the extent provided by 11

U.S.C. §§ 1520.

6.    The administration or realization of all or part of the assets of Wirecard within the

territorial jurisdiction of the United States of America is hereby entrusted to Petitioner and

Petitioner is hereby established as the exclusive representative of Wirecard in the United States of

America.

7.    The Securities Litigation styled *In re Wirecard AG Securities Litigation*, No. 2:20-

cv-03326-AB currently pending in the United States District Court for the Eastern District of

Pennsylvania is stayed and the Securities Plaintiffs are hereby permanently enjoined from taking

any action in the Securities Litigation, in each case solely with respect to Wirecard, pending the

closing of the chapter 15 case or further order of the Court.

8.    This Court retains jurisdiction with respect to the enforcement, amendment or

modification of this Order, any requests for additional relief or any adversary proceeding brought in

and through this chapter 15 case, and any request by an entity for relief from the provisions of this

Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

9.      Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 case by

Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and

enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated: _____, 2021
        Philadelphia, Pennsylvania


_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Statement Pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1 and Bankruptcy Code
section 1515(c)**

Jeffrey Kurtzman
**KURTZMAN STEADY, LLC**
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone:  (215) 883-1600

-and-

Todd M. Goren (*pro hac vice* pending)
Andrew Kissner (*pro hac vice* pending)
Katherine Richardson Arnould (*pro hac vice* pending)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900

*Attorneys for Dr. Michael Jaffé, as insolvency*
*administrator over the assets of Wirecard AG*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| | : | |
| WIRECARD AG,[1] | : | Case No. __-_____ |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

**STATEMENTS AND LISTS PURSUANT TO FED. R. BANKR. P. 1007(a)(4) AND 7007.1,**
**AND SECTION 1515(c) OF THE BANKRUPTCY CODE**

Dr. Michael Jaffé, duly appointed insolvency administrator (the "Petitioner") of Wirecard

AG ("Wirecard"), a public limited company subject to a pending insolvency proceeding (the

"German Proceeding") in the Federal Republic of Germany ("Germany") by way of the order

dated August 25, 2020 (case no. 1542 IN 1308/20) (the "Insolvency Order") made by the

---

[1] The Debtor's company number, registered with the local court of Munich, is HRB 169227.  The registered office of the Debtor is Einsteinring 35, 85609 Aschheim, Germany.

Munich Local Court (the "German Court"), by its undersigned United States counsel, hereby submits the following information as required by Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure:

## STATEMENT UNDER BANKRUPTCY RULE 7007.1

1.    To the best of Petitioner's knowledge, no person or entity owns 10% or more of the equity of Wirecard.

## PARTIES AUTHORIZED TO ADMINISTER THE GERMAN PROCEEDING

2.    The following individual, with the corresponding business address, has been duly appointed as Insolvency Administrator for Wirecard by the German Court:

| Dr. Michael Jaffé |
|:---:|
| Franz-Joseph-Strasse 8 |
| 80801 Munich, Germany |

## STATEMENT UNDER BANKRUPTCY CODE SECTION 1515(c)

3.    To the best of Petitioner's knowledge, the German Proceeding is the only foreign insolvency proceeding to which Wirecard is subject.

## PARTIES TO U.S. LITIGATION PENDING AGAINST WIRECARD

4.    To the best of Petitioner's knowledge, the Securities Litigation styled *In re Wirecard AG Securities Litigation*, No. 2:20-cv-03326-AB (E.D. Pa.) is the only litigation to which Wirecard is currently a party.  The other parties to the Securities Litigation are:

| Party | Type |
|:---:|:---:|
| Carol A. Brown, *individually and on behalf of all others similarly situated*<br>c/o Jacob A. Goldberg, Esq.<br>The Rosen Law Firm<br>101 Greenwood Avenue<br>Suite 440<br>Jenkintown, PA 19046 | Plaintiff |

| Party | Type |
|---|---|
| Mark DalPoggetto, *individually and on behalf of all others similarly situated*<br>c/o Reed Kathrein, Esq.<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Ave<br>Suite 202<br>Berkeley, CA 94710 | Plaintiff |
| Lawrence Gallagher<br>c/o Jeffrey L. Kodroff, Esq.<br>Spector Roseman & Kodroff PC<br>2001 Market Street<br>Suite 3420<br>Philadelphia, PA 19103 | Plaintiff-Intervenor |
| Markus Braun[2] | Co-defendant |
| Jan Marsalek[2] | Co-defendant |
| Burkhard Ley[2] | Co-defendant |
| Susanne Steidl[2] | Co-defendant |
| Wulf Matthias[2] | Co-defendant |
| Alexander Von Knoop[2] | Co-defendant |
| Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft<br>Arnulfstraße 59<br>80636 Munich, Germany | Co-defendant |
| Marco Foelske<br>c/o David A. Straite, Esq.<br>Kaplan Fox & Kilsheimer LLP<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022 | Movant |

---

[2] As of the date hereof, Wirecard's co-defendant in the Securities Litigation has not yet appeared in the case.

| Party | Type |
|---|---|
| Edward Haddad<br>c/o Michael J. Quirk, Esq.<br>Motley Rice LLC<br>40 West Evergreen Avenue<br>Suite 104<br>Philadelphia, PA 19118 | Movant |
| James Nguyen<br>c/o Vincent A. Coppola, Esq.<br>Pribanic & Pribanic<br>513 Court Place<br>Pittsburgh, PA 15219 | Movant |
| Khalad Goheer<br>c/o Lee Albert, Esq.<br>Glancy Prongay & Murray LLP<br>230 Park Avenue<br>Suite 530<br>New York, NY 10169 | Movant |
| Ross S. Blust<br>c/o Jacob A. Goldberg, Esq.<br>The Rosen Law Firm<br>101 Greenwood Avenue<br>Suite 440<br>Jenkintown, PA 19046 | Movant |
| Martin Goldberg<br>c/o Jacob A. Goldberg, Esq.<br>The Rosen Law Firm<br>101 Greenwood Avenue<br>Suite 440<br>Jenkintown, PA 19046 | Movant |
| Sen Gan<br>c/o Jacob A. Goldberg, Esq.<br>The Rosen Law Firm<br>101 Greenwood Avenue<br>Suite 440<br>Jenkintown, PA 19046 | Movant |
| Thanh Sam<br>c/o Lawrence F. Stengel<br>Saxton Stump<br>280 Granite Run Drive<br>Suite 300<br>Lancaster, PA 17601 | Movant |

## <u>ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS SOUGHT</u>

5.      Petitioner seeks provisional relief pursuant to Bankruptcy Code section 1519 against the Securities Plaintiffs in the Securities Litigation, listed in paragraph 4, *supra*.

*[Signature page follows]*

Dated:  April 7, 2021
        New York, New York

                                   Respectfully submitted,

                                   */s/ Jeffrey Kurtzman*               

                                   Jeffrey Kurtzman
                                   **KURTZMAN STEADY, LLC**
                                   401 S. 2nd Street, Suite 200
                                   Philadelphia, PA 19147
                                   Telephone:  (215) 883-1600

                                   -and-

                                   Todd M. Goren (*pro hac vice* pending)
                                   Andrew Kissner (*pro hac vice* pending)
                                   Katherine Richardson Arnould (*pro hac vice*
                                   pending)
                                   **MORRISON & FOERSTER LLP**
                                   250 W 55th St.
                                   New York, NY 10019
                                   Telephone: 212-468-8000
                                   Facsimile: 212-468-7900

                                   *Attorneys for Dr. Michael Jaffé, as insolvency*
                                   *administrator over the assets of Wirecard AG*