Jeffrey Kurtzman
**KURTZMAN STEADY, LLC**
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone:  (215) 883-1600

-and-

Todd M. Goren (*pro hac vice* pending)
Andrew Kissner (*pro hac vice* pending)
Katherine Richardson Arnould (*pro hac vice* pending)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900

*Attorneys for Dr. Michael Jaffé, as insolvency*
*administrator over the assets of Wirecard AG*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| | : | |
| WIRECARD AG,[1] | : | Case No.  21-10936 |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

**DECLARATION OF TODD M. GOREN**
**IN SUPPORT OF CHAPTER 15 PETITION FOR**
**RECOGNITION AS FOREIGN MAIN PROCEEDING**

I, Todd M. Goren, under penalty of perjury, declare as follows:

1.       I am a partner of the law firm of Morrison & Foerster LLP, United States counsel

for Dr. Michael Jaffé, duly appointed insolvency administrator (the "Petitioner") of Wirecard AG

---

[1] The Debtor's company number, registered with the local court of Munich, is HRB 169227.  The registered office of the Debtor is Einsteinring 35, 85609 Aschheim, Germany.

("Wirecard"), a public limited company subject to a pending insolvency proceeding (the "German Proceeding") in the Federal Republic of Germany ("Germany") by way of the order dated August 25, 2020 (case no. 1542 IN 1038/20) (the "Insolvency Order") made by the Munich Local Court (the "German Court").

2.      I respectfully submit this declaration (the "Declaration") in support of the *Verified Petition for Recognition of a Foreign Main Proceeding and Application for Related Relief, and Memorandum of Law in Support Thereof* (the "Petition")[2] and the *Emergency Motion for Provisional Injunctive Relief Pending Recognition of Foreign Main Proceeding* (the "Motion for Provisional Relief"), filed contemporaneously herewith, seeking (a) the U.S. Bankruptcy Court's recognition of the German Proceeding as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1), and the Insolvency Administrator as "foreign representative" of Wirecard, pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and (b) provisional relief staying the Securities Plaintiffs from pursuing the Securities Litigation or seeking enforcement against Wirecard, pending recognition of the Petition.

3.      Attached hereto as **Exhibit A** is the order recognizing as a foreign main proceeding a German company liquidation in the case of *In re Alno AG*, No. 18-12651 (KJC) (Bankr. D. Del. Dec. 20, 2018).

4.      Attached hereto as **Exhibit B** is the order recognizing as a foreign main proceeding a German company liquidation in the case of *In re Pickenpack Holding Germany GmbH*, No. 16-12681 (JLG) (Bankr. S.D.N.Y. Oct. 28, 2016).

---

[2] All terms not otherwise defined herein shall have the meaning ascribed to them in the Petition.

5.      Attached hereto as **<u>Exhibit C</u>** is the order recognizing as a foreign main proceeding a German company liquidation in the case of *In re Reutax AG*, No. 13-12135 (MFW) (Bankr. D. Del. Sept. 17, 2013).

6.      Attached hereto as **<u>Exhibit D</u>** is the order recognizing as a foreign main proceeding a German company liquidation in the case of *In re Qimonda AG*, No. 09-14766 (RGM) (Bankr. E.D.Va. July 22, 2009).

7.      Attached hereto as **<u>Exhibit E</u>** is the order issuing a preliminary injunction in the case of *In re Qimonda AG*, No. 09-14766 (RGM) (Bankr. E.D. Va. July 2, 2009).

8.      Attached hereto as **<u>Exhibit F</u>** is correspondence from counsel to the Securities Plaintiffs dated March 15, 2021.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 7, 2021
            New York, New York

                                                    /s/ *Todd M. Goren*
                                                    Todd M. Goren

                                                    *Attorney for Dr. Michael Jaffé, as insolvency*
                                                    *administrator over the assets of Wirecard AG*

3

**<u>Exhibit A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 15** |
| | ) | |
| **ALNO AG,**[1] | ) | **Case No. 18-12651 (KJC)** |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## FINAL ORDER GRANTING RECOGNITION OF FOREIGN
## MAIN PROCEEDING AND CERTAIN RELATED RELIEF

Upon the motion (the "Motion")[2] of Tobias Wahl, in his capacity as the court-appointed special insolvency administrator and duly authorized foreign representative ("Foreign Representative") for Alno AG ("Debtor"), for entry of a final order under sections 105(a), 1517, 1520 and 1521 of the Bankruptcy Code: (i) granting the petition in this Chapter 15 case and recognizing the German Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Commencement Order and the Appointment Order entered by the German Court, including any and all extensions, amendments and/or supplements thereto authorized by the German Court and extending the protections of this Order to the Debtor, and (iii) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the

---

[1] The Debtor does not have an Employer Identification Number. The Debtor's Commercial Register Ulm Number is HRB 727041. The Debtor's headquarters are located at 47 Heiligenberger Strasse, 88630 Pfullendorf Baden-Wuerttemberg, Germany.

[2] Capitalized terms not defined herein are defined in the Motion.

relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and the Foreign

Representative having consented to the Court's authority to enter a final order consistent with

Article III of the U.S. Constitution; and venue being proper before this Court under 28 U.S.C. §

1410(3); and due and proper notice of the relief sought in the Motion having been provided; and

it appearing that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested

parties having been noted in the record of the Hearing and all such parties having had the

opportunity to be heard with respect to the relief requested in the Motion; and upon the Wahl

Declaration, and the Verified Petition, filed contemporaneously with the Motion, the record of

the Hearing and all of the proceedings had before the Court; and the Court having found and

determined that the provisional relief sought in the Motion is in the best interests of the Debtor,

its creditors, and parties-in-interest, and is in the interest of international comity and not

inconsistent with United States public policy, and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, **THIS COURT HEREBY FINDS AND DETERMINES THAT**:

      A.    The findings and conclusions set forth herein constitute this Court's

findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy

Procedures (the "Bankruptcy Rules") made applicable to this proceeding under Bankruptcy Rule

9014. To the extent any of the following findings of fact constitute conclusions of law, they are

adopted as such. To the extent any of the following conclusions of law constitute findings of

fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware, dated as of February 29, 2012.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. Venue for this proceeding is proper before this Court under 28 U.S.C. §

1410(3).

E. The German Proceeding is a "foreign proceeding" under section 101(23)

of the Bankruptcy Code.

F. The Foreign Representative is the duly appointed "foreign representative"

of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

G. This Chapter 15 case was properly commenced under sections 1504, 1509,

and 1515 of the Bankruptcy Code.

H. The Foreign Representative has satisfied the requirements of section 1515

of the Bankruptcy Code and Bankruptcy Rule 2002(q).

I. The German Proceeding is entitled to recognition by this Court under

section 1517 of the Bankruptcy Code.

J. Germany is the center of main interests of the Debtor, and accordingly, the

German Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the

Bankruptcy Code, and is entitled to recognition as a foreign main proceeding under section

1517(b)(1) of the Bankruptcy Code.

K. ~~The Foreign Representative has demonstrated that application of~~

~~Bankruptcy Rule 2004, as made applicable by sections 105(a) and 1521(a)(4) of the Bankruptcy~~

~~Code, is necessary to prevent harm in the German Proceeding.~~

3

L.     The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under sections 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.     The relief requested by the Verified Petition and the Motion is GRANTED as set forth herein.

2.     The German Proceeding is granted recognition as a foreign main proceeding under section 1517 of the Bankruptcy Code.

3.     The Commencement Order and the Appointment Order entered by the German Court, including any extensions, amendments, or modifications thereto, are hereby enforced on a final basis and given full force and effect in the United States (except as otherwise expressly provided herein).

4.     All relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the German Proceeding, the Debtor, and the Foreign Representative as applicable.

5.     Bankruptcy Rule 2004 shall hereby apply in this case *or production of documents* with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States.  Any requests for the Court to authorize examinations under section 1521(a)(4) of the Bankruptcy Code, Bankruptcy Rule 2004, and other applicable law will be the subject of one or more motions by the Foreign Representative, as to which all rights and objections, except as expressly provided in this Order, are reserved.

6.     Section 362 of the Bankruptcy Code shall hereby apply with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United

States. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative, the Debtor, and their expressly authorized representatives and agents are hereby enjoined from:

    a. execution against any of the Debtor's assets;

    b. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtor in the United States;

    c. taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtor or any of its property;

    d. transferring, relinquishing, or disposing of any property of the Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

    e. commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities; and

    f. terminating contracts or otherwise accelerating obligations or exercising remedies thereunder *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the U.S.

7. Subject to sections 1520 and 1521 of the Bankruptcy Code, the German Proceeding, the Commencement Order, and the Appointment Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the United States to the same extent that they are given effect in Germany, and each is binding on all creditors of the Debtor and any of their successors and assigns.

8. The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

9.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Foreign Representative, the Debtor and their respective authorized agents are authorized and empowered to take all actions necessary to effectuate the relief granted under this Order in accordance with the Motion.

11.     The Foreign Representative, the Debtor and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

12.     A copy of this Order, confirmed to be true and correct, shall be served, within three (3) business days of entry of this Order, by facsimile, electronic mail, or domestic or international first class mail, upon all persons or bodies authorized to administer foreign proceedings of the Debtor, all parties to litigation pending in the United States in which any of the Debtor was a party at the time of the filing of the Verified Petition, the Office of the U.S. Trustee for the District of Delaware, and such other entities as this Court may direct.   Such service shall be good and sufficient service and adequate notice for present purpose.

13.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _Dec 20_, 2018
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :    Chapter 15
                                                    :
PICKENPACK HOLDING GERMANY GMBH, *et al.*,[1]       :    Case No. 16-12681(JLG)
                                                    :
          Debtors in Foreign Proceedings.           :    Jointly Administered
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER GRANTING RECOGNITION OF FOREIGN
### MAIN PROCEEDINGS AND RELATED RELIEF PURSUANT TO SECTIONS
### 1504, 1509, 1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE

This matter came before the Court upon the verified petitions of Friedrich von Kaltenborn-Stachau, in his capacity as Insolvency Administrator (the "Petitioner") of Pickenpack Holding Germany GmbH, Pickenpack Europe GmbH, Pickenpack Production Lüneburg GmbH, and TST The Seafood Traders GmbH (collectively, the "Pickenpack Entities") and as a duly authorized foreign representative as defined by section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the above-captioned chapter 15 cases, for the entry of an order granting recognition of foreign main proceedings (the "Petitions"). The Court has reviewed and considered, among other things, (i) the Petitions and the exhibits attached thereto, (ii) the Memorandum of Law in Support of Verified Petitions for Recognition of Foreign Proceedings Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, (iii) the Declaration of Friedrich von Kaltenborn-Stachau, the Petitioner, dated September 22, 2016, (iv) the Declaration of Bjoern Schwencke, German legal counsel to the Petitioner, dated September 15,  2016, (v) the Statement and Reservation of Rights of China Fishery Debtors Regarding Proposed Recognition [Docket No. 13] filed by China Fishery Group Limited

---

[1] The Debtors in these chapter 15 cases are: (i) Pickenpack Holding Germany GmbH; (ii) Pickenpack Europe GmbH; (iii) Pickenpack Production Lüneburg GmbH; and (iv) TST The Seafood Traders GmbH.  The registered office for the Pickenpack Entities is located at Lüner Rennbahn 9, 21339 Lüneburg, Germany.

(Cayman) and certain of its affiliated debtors and debtors-in-possession (the "CFGL Debtors"), and (vi) the arguments and testimony presented at the hearing held on October 26, 2016. Based on the foregoing, the Court makes the following findings of fact and conclusions of law:

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.     The Petitioner, as insolvency administrator of the Pickenpack Entities, is a foreign representative, as defined by section 101(24) of the Bankruptcy Code.

E.     The Pickenpack Entities are subject to foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

F.     The center of the Pickenpack Entities' main interests is Germany, and the Pickenpack Entities are subject to foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code.

G.     The above-captioned chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

H.     The Petitions satisfy the requirements of section 1515 of the Bankruptcy Code.

I.     The Petitioner has standing to commence litigation in a court in the United States pursuant to section 1509(b)(1) of the Bankruptcy Code.

J.     The Petitioner is entitled to all the relief pursuant to section 1521 of the Bankruptcy Code.

26821319

K.     The relief requested is necessary and appropriate, in the interests of international

comity, consistent with the public policy of the United States, and warranted pursuant to sections

105(a), 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFOR, IT IS HEREBY**

**ORDERED** that the Pickenpack Entities' insolvency proceedings pending before the

Local Court of Lüneburg, Germany (the "German Proceedings") are granted recognition

pursuant to section 1517(a) of the Bankruptcy Code; and it is further

**ORDERED** that all objections and reservations of rights relating to the Petitions that

have not been withdrawn, waived, or otherwise resolved are overruled in all respects on the

merits and denied; and it is further

**ORDERED** that the German Proceedings are granted recognition as foreign main

proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

**ORDERED** that all relief afforded to a foreign main proceeding, a foreign debtor subject

to such foreign main proceeding, and the foreign representatives of such foreign debtor

automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted to

the German Proceedings, the Pickenpack Entities, and the Petitioner, including, without

limitation, the protections afforded by section 362 of the Bankruptcy Code; and it is further

**ORDERED** that the Petitioner is entrusted with the administration and realization of all

the Pickenpack Entities' assets within the territorial jurisdiction of the United States; and it is

further

**ORDERED** that the Petitioner is authorized to operate the business of the Pickenpack

Entities, which are the subject of the German Proceedings, and may exercise the powers of a

trustee under and to the extent provided by 11 U.S.C. § 1520 during these chapter 15 cases and

26821319

no action taken during such period by the Petitioner, or his agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the German Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in these chapter 15 cases shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510; and it is further

**ORDERED** that the Petitioner is hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Pickenpack Entities under the lawsof the United States without further order of this Court; and it is further

**ORDERED** that the Petitioner is entitled to all the relief pursuant to section 1521 of the Bankruptcy Code; and it is further

**ORDERED** that section 108 of the Bankruptcy Code applies to the above captioned chapter 15 cases and that the relief provided therein, including section 108(a), is available to the Petitioner from and after the filing of the Petitions on September 22, 2016; and it is further

**ORDERED** that the Petitioner is authorized to file claims, suits, and similar legal proceedings within the United States in furtherance of his activities as insolvency administrator; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, and requests for any additional relief in these chapter 15 cases and all adversary proceedings in connection herewith properly commenced and within the jurisdiction of this Court; and it is further

26821319

**ORDERED** that the CFGL Debtors' right to be heard with respect to any request by the Petitioner for any additional relief in these chapter 15 cases is preserved; and it is further

**ORDERED** that a copy of this Order shall be served by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon (i) the Pickenpack Entities, (ii) all parties to litigation pending in the United States, if any, in which the Pickenpack Entities are a party at the time of the filing of the Petitions and their respective counsel, if known, (iii) the Office of the United States Trustee for Region 2, (iv) all parties who filed a request for service of notices pursuant to Bankruptcy Rule 2002, (v) counsel to the debtors and all parties who filed a request for service of notices pursuant to Bankruptcy Rule 2002 in the bankruptcy cases of *In re China Fishery Group Limited (Cayman), et al.*, No. 16-11895 (JLG) (Bankr. S.D.N.Y. 2016) and *In re CFG Investment S.A.C., et al.*, No. 16-11891 (JLG) (Bankr. S.D.N.Y. 2016), and (vi) such other entities as the Court may direct; and it is further

**ORDERED** that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.


Dated: New York, New York
    October 27, 2016

/s/ *James L. Garrity, Jr.*
UNITED STATES BANKRUPTCY JUDGE

26821319

**<u>Exhibit C</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| REUTAX AG, | Case No. 13-12135 (MFW) |
| Debtor in a Foreign Proceeding. | **Related Docket Nos. 1, 3, 19, 28** |

## ORDER GRANTING FINAL RELIEF IN RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 105(a), 1519, 1520 AND 1521 OF THE BANKRUPTCY CODE

Upon consideration of the Verified Chapter 15 Petition for Recognition of Foreign Proceeding and for Related Relief [Docket No. 1] (the **"Verified Petition"**) filed by Tobias Wahl as the Insolvency Administrator and authorized foreign representative (the **"Foreign Representative"**) of Reutax AG (the **"Debtor"**), appointed in the Debtor's insolvency proceeding (the **"German Proceeding"**) under the German Insolvency Code, *Insolvenzordnung* (the **"German Insolvency Code"**), pending before the lower court (**"Amtsgericht"**) of Heidelberg, Germany, File No. 51 IE 2/13 (the **"German Court"**), seeking entry of this final order (the **"Recognition Order"**); and upon consideration of the Motion of the Foreign Representative for (I) *Ex Parte* Emergency Relief and (II) Provisional Relief [Docket No. 3] (the **"Motion"**); and upon consideration of the Transmittal Affidavit of David M. Fournier [Docket No. 9] and all exhibits thereto, the Declaration of Tobias Wahl in Support of Verified Petition for Recognition of Foreign Main Proceeding and Motion of the Foreign Representative for (I) *Ex Parte* Emergency Relief and (II) Provisional Relief [Docket No. 5] and the Memorandum of Law in Support of Verified Chapter 15 Petition for Recognition of Foreign Proceeding and Foreign Representative's Motion for (I) *Ex Parte* Emergency Relief and (II) Provisional Relief [Docket No. 4]; and upon the Temporary Restraining Order [Docket No. 19]

(the **"Emergency Order"**) and the Order For Provisional Relief [Docket No. 28] (the

**"Provisional Order"**) previously entered by this Court; and it appearing that this Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

venue of the Chapter 15 case and the Motion in this District is proper pursuant to 28 U.S.C. §

1410; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

and it appearing that notice of the Motion has been given as set forth in the Motion and that such

notice is adequate and no other or further notice need be given under the circumstances; and

upon the record of the hearing on the Motion; and the Court having found and determined that

the relief sought in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy

Code and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, the Court finds

and concludes as follows:

(i)    The Foreign Representative is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

(ii)    The Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

(iii)    The Chapter 15 Petition meets the requirements of section 1515 of the Bankruptcy Code.

(iv)    The German Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

(v)    The German Proceeding pending in the German Court, which is the location of the Debtor's center of main interest, constitutes a foreign main proceeding pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(l) of the Bankruptcy Code.

(vi)    The Foreign Representative, as a foreign representative, is entitled, without limitation, to all of the relief provided pursuant to section 1520 of the Bankruptcy Code.

#20396874 v5

(vii)    The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1521 of the Bankruptcy Code, and will not cause any hardship to any parties-in-interest that is not outweighed by the benefits of the relief granted.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Verified Petition and Motion are Granted.

2.    The German Proceeding is hereby recognized as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code.

3.    All provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 case, including, without limitation, sections 361, 362, 363 and 364 of the Bankruptcy Code, with respect to the Debtor and the Debtor's assets within the United States.

4.    To the extent, if at all, not previously given effect in the United States, the Appointment Order is hereby given full force and effect in the United States.

5.    Pursuant to section 1521(a)(6) of the Bankruptcy Code, all other prior relief granted pursuant to the Emergency Order and the Provisional Order pursuant to section 1519(a) of the Bankruptcy Code is hereby extended on a final basis.

6.    The Chapter 15 Petition, the Verified Petition, the Motion, the Emergency Order, the Provisional Order and this Recognition Order shall be made available by the Foreign Representative upon request to its counsel, Pepper Hamilton, LLP, David M. Fournier, Esq., 1313 Market Street, Suite 5100, Wilmington, DE 19801.

7.    Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Recognition Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the Debtor are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Recognition Order; and (iii) the Foreign Representative and the Debtor are authorized and empowered, and may in their discretion and without further

delay, take any action and perform any act necessary to implement and effectuate the terms of this Recognition Order.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Recognition Order.


Dated: _____ Sept. 17 ___, 2013       _____
                                        HONORABLE MARY F. WALRATH
                                        UNITED STATES BANKRUPTCY JUDGE

#20396874 v5

**<u>Exhibit D</u>**

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

In re:

QIMONDA AG,

      Debtor in a Foreign Proceeding.

Case No. 09-14766-RGM

(Chapter 15)

## ORDER RECOGNIZING FOREIGN MAIN PROCEEDING OF QIMONDA AG

This case was before the court on July 22, 2009, for a hearing on the petition of Dr. Michael Jaffé in his capacity as the foreign representative of Qimonda AG for recognition of a foreign proceeding over Qimonda AG and the objections to it. Upon consideration thereof and for the reasons stated on the record, it is

ORDERED that the foreign proceeding opened on April 1, 2009, in the Amtsgericht München - Insolvenzgericht in the matter of Qimonda AG is recognized as a foreign main proceeding pursuant to §1517 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.*

Alexandria, Virginia
July 22, 2009

    /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Jeffrey A. Showalter
Robert H. Chappell, III
Dennis J. Early
Robert K. Coulter

15351

**Exhibit E**

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

In re

QIMONDA AG,

Debtor in a Foreign Proceeding.

Case No. 09-14766 (RGM)

Chapter 15

## <u>ORDER ISSUING PRELIMINARY INJUNCTION</u>

This matter came before the Court on the *Emergency Motion for Provisional Injunctive Relief, Pending Recognition of Foreign Main Proceeding, in the Form of a Preliminary Injunction After Notice and a Hearing* (Docket No. 21) (the "***Motion***"), filed on June 23, 2009, by Dr. Michael Jaffé as the duly appointed representative ("***Foreign Representative***") of Qimonda AG ("***Debtor***") in an insolvency proceeding ("***Foreign Proceeding***") pending before the Amtsgericht - Insolvenzgericht München (Local Court - Insolvency Court Munich).

The Foreign Representative also filed the following documents and pleadings on June 15, 2009 (collectively, the "***Supporting Documents***"): (i) *Official Form 1 (1/08) Voluntary Petition* and its attachments; (ii) *Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520, and 1521* ("***Petition***"); (iii) *Declaration of Rechtsanwalt Dr. Christian Pleister in Support of Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520, and 1521*; (iv) *Declaration of Thomas Seifert in Support of Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520, and 1521*; and (v) *Statement of Rechtsanwalt Dr. Michael Jaffé*

*Pursuant to Bankruptcy Code 1515(c) and Bankruptcy Rule 1007(a)(4).*

This Court held a hearing on the Motion on July 1, 2009 ("**Hearing**").  The Court has considered the Motion, the Supporting Documents, the statements made on the record at the Hearing, and the entire record in this Chapter 15 case.

Based on the foregoing, the Court finds and concludes that: (i) the Court has jurisdiction over this Chapter 15 case and the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(P); (iii) venue is proper in this District under 28 U.S.C. § 1410; (iv) proper notice of the Motion, the Supporting Documents, and the Hearing has been given and no further notice is necessary; (v) there is a substantial likelihood that the Foreign Representative will be able to demonstrate that the Foreign Proceeding must be recognized as a "foreign main proceeding" under Bankruptcy Code § 1517; (vi) the provisional relief set forth in this Order is urgently needed to effectuate the purpose and objectives of Chapter 15, to protect the assets of the Debtor, and to protect the interests of the Debtor's creditors; (vii) litigation between private parties under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) before the United States International Trade Commission does not meet the requirements of 11 U.S.C. § 362(b)(4); and (viii) good cause exists such that this Order should remain in effect until the Court rules on the Petition.

Based on the foregoing, and the reasons stated in the Memorandum Opinion to be filed,

**IT IS ORDERED THAT:**[1]

1.    The Foreign Representative's motion for issuance of a preliminary injunction under Bankruptcy Code § 1519 is GRANTED.

2.    The litigation commenced by Lakita Blair, Linda Frazier, and Bonnie Wright under the Worker Adjustment and Retraining Notification Act against QAG in the Eastern District of Virginia and the District of Delaware (each, a "**WARN Act Action**") is hereby stayed

---

[1] All capitalized terms used but not otherwise defined in this Order shall have the meaning ascribed to them in the

pending a determination on the Recognition Order.

3. The litigation entitled *In the Matter of Certain Semiconductor Integrated Circuits Using Tungsten Metallization,* Inv. No. 337-TA-648, under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) before the United States International Trade Commission ("**LSI Action**") is hereby stayed with respect to the Debtor pending a determination on the Recognition Order.

4. The stay of the LSI Action shall be limited to the Debtor, and does not apply to other parties to the LSI Action.  The LSI Action shall continue without the participation of the Debtor.

5. The stay of the LSI Action shall apply to Debtor's noninfringement, licensing, and other defenses; however, the Debtor shall be bound by the United States International Trade Commission's ruling on the validity of the asserted patent, U.S. Patent No. 5,227,335 (unless said ruling is reversed or otherwise modified by a court or agency of competent jurisdiction).

6. In the event of the issuance of an exclusion order in the LSI Action (following the presidential review period described in 19 U.S.C. § 1337(j)) that applies to the Debtor, the Court shall hear arguments concerning what relief, if any, should be accorded to LSI Corporation vis-à-vis the assets of Debtor remaining at that time.

7. The plaintiffs in the WARN Act Actions and the LSI Action are enjoined from executing against any of the Debtor's assets that are located within the jurisdiction of the United States ("***U.S. Assets***").

8. Under Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

9. This Order is effective as of the date and time set forth below.

10. This Order shall continue in full force and effect until the date and time that the Court rules on the Petition.  If the Petition is granted, the stay of the LSI Action shall remain in effect for the duration of the LSI Action, including any appeals to the United States International

3

Trade Commission and/or the United States Court of Appeals for the Federal Circuit.

Effective: July 2, 2009 at 7:10 p.m.

Alexandria, Virginia
July 2, 2009

/s/Robert G. Mayer                  
Robert G. Mayer
United States Bankruptcy Judge

WE ASK FOR THIS:

/s/ Jeff A. Showalter                     
Jeff A. Showalter
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW, Suite 6000
Washington, DC 20006
Virginia Bar No. 73414
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
E-mail:  jshowalter@mofo.com

and

Brett H. Miller (*admitted  pro hac vice*)
Todd M. Goren (*admitted pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Phone: (212) 468-8000
Facsimile: (212) 468-7900

*Attorneys for Dr. Michael Jaffé, as insolvency
administrator over the estate of Qimonda AG*

## Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties

pursuant to Local Rule 9022-1(C).


/s/ Jeff A. Showalter_____
Jeff A. Showalter

## PARTIES TO RECEIVE COPIES

| Counsel to Qimonda Entities | |
|---|---|
| **Qimonda North America Corp./Qimonda Richmond LLC**<br>Attn: Michael Munn<br>3000 Centre Green Way<br>Cary, North Carolina 27513<br><br>**Simpson Thacher & Bartlett LLP**<br>Attn: Morris J. Massel, Esq.<br>(Counsel to: Qimonda Richmond, LLC)<br>425 Lexington Ave.<br>New York, New York 10017-3954<br>Phone: 212-455-2000<br>Fax: 212-455-2502<br><br>**McGuireWoods LLP**<br>Attn: Dion W. Hayes, Esq.<br>(Counsel to: Qimonda Richmond, LLC)<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219-4030<br>Phone: 804-775-1144<br>Fax: 804-775-1061 | **Richards, Layton & Finger, P.A.**<br>Attn: Katisha D. Fortune<br>(Counsel to: Qimonda Richmond, LLC)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Phone: 302-651-7700<br>Fax : 302-651-7701<br><br>**Jones Day**<br>Attn: Daniel P. Winikka, Esq.<br>(Counsel to: the Official Committee of Unsecured Creditors of Qimonda Richmond, LLC)<br>2727 North Harwood Street<br>Dallas, Texas 75201<br>Phone: 214-220-3939<br>Fax: 214-969-5100 |

| United States Trustee |
|---|
| **The Office of the United States Trustee**<br>115 South Union St., Plaza Level,<br>Suite 210<br>Alexandria, Virginia 22314<br>Phone: (703) 557-7176<br>Attn: Dennis J. Early |

| List of Creditors | |
|---|---|
| **Emulation Technology**<br>Attn: Legal Department<br>2344 Walsh Avenue Building F.<br>Santa Clara, California 95051-1301<br>Phone: 408-982-0660<br>1-800-232-7837 | **i2. Technologies, Inc.**<br>Attn: Legal Department<br>11701 Luna Road<br>Dallas, Texas 75234<br>Phone.:1-800.800.3288 (US & Canada only);<br>469.357.1000 |

| | |
|---|---|
| **GGB Industries Inc.**<br>Attn: Legal Department<br>4196 Corporate Square<br>Naples, California 34104 | **FormFactor Inc.**<br>Attn: Legal Department<br>7005 Southfront Road  Suite 1000<br>Dallas, Texas 75252 |
| **INTEL Americas Inc.**<br>Attn: Legal Department<br>2200 Mission College Blvd.<br>Santa Clara, California 95052-8119 | **Slater & Matsil, L.L.P.**<br>Attn: Legal Department<br><br>Suite 1000, 17950 Preston Road<br>Dallas, Texas 75252 – 5793<br>Phone: 972-732-1001<br>Fax: 972-732-9218 |
| **IBM International Business Machines**<br>Attn: Legal Department<br>2070 Route 52<br>Hopewell Junction, New York 12533-0999 | **Kirkland and Ellis**<br>Attn: Legal Department<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005-5793<br>United States<br>Phone: 202-879-5000<br>Fax: 202-879-5200 |
| **Kaye Scholer LLP**<br>Attn: Legal Department<br>425 Park Avenue<br>New York, New York 10022-3598 | **Abelman, Frayne & Schwab**<br>Attn: Legal Department<br>666 Third Avenue<br>New York, NY 10017-5621<br>Phone.: 212-949-9022<br>Fax: 212-949-9190 |
| **Fay Kaplun & Marcin, LLP**<br>Attn: Legal Department<br>150 Broadway, Suite 702<br>New York, NY 10038<br>Phone:  212-619-6000<br>Fax:  212-208-6819<br>        212-619-0276 | **Lerner Greenberng Stemer LLP**<br>Attn: Legal Department<br>PO. Box 2480<br>Hollywood, Florida 33022-2480<br>Phone.: 954-925-1100<br>Fax: 954-925-1101 |

7

| | |
|---|---|
| **Baker Thomas S., Jr., LLC**<br>1371 West 3rd Avenue<br>Columbus, Ohio 43212 | **Purple Wire**<br>Attn: Legal Department<br>108 West Jefferson St., Suite 501,<br>Syracuse, NY 13202<br>Phone: 315-234-0079<br>Fax: 315-234-0075 |
| **Patterson & Sheridan, LLP**<br>Attn: Legal Department<br>P.O Box 676057<br>Dallas, Texas 75267-6057<br><br>C/O: Legal Department<br>1700 Pacific Ave.<br>Suite 2650<br>Dallas, TX 75201<br>Phone: 214-720-2200<br>Fax: 713-623-4846 | **Eschweiler & Associates, LLC**<br>Attn: Legal Department<br> National City Bank Building)<br>629 Euclid Avenue, Suite 1000<br>Cleveland, Ohio 44114<br>Phone: 216-502-0600 |
| **Edell, Shapiro & Finnan, LLC**<br>Attn: Legal Department<br>1901 Research Boulevard, Suite 400<br>Rockville, Maryland 20850-3164<br>Phone: 301-424-3640 | **Posz Law Group PLC**<br>Attn: Legal Department<br>12040 South Lakes Drive, Suite 101<br>Reston, Virginia 20191 |
| **Dickie, Billing & Czaja, PLLC**<br>Attn: Legal Department<br>Fifth Street Towers, Suite 2250<br>100 South Fifth Street, Suite 2250<br>Minneapolis, Minnesota 55402 | **Brinks Hofer Gilson & Lione**<br>Attn: Legal Department<br>NBC Tower, Suite 3000<br>455 N. City Front Plaza Drive<br>Chicago Illinois 60611-5599 |

8

| | |
|---|---|
| **Coats & Bennett P.L.L.C.**<br>Attn: Legal Department<br>P.O Box 5<br>Raleigh, North Carolina 27602<br><br>Attn: Legal Department<br>1400 Crescent Green<br>Suite 300<br>Cary, North Carolina 27518<br>Phone: 919-854-1844<br>Fax: 919-854-2084<br>1-800-575-1278 | **United States Patent and Trademark Office**<br>Attn: Legal Department<br>PO Box 371279<br>Pittsburgh, Pennsylvania  15251-7279 |
| **Tessera Inc.**<br>Attn: Legal Department<br>3025 Orchard Parkway<br>San Jose, CA  95134<br>Phone: 408-321-6000<br>Fax: 408-321-8257<br>Email: info@tessera.com | **Digi-Key Corporation**<br>Attn: Legal Department<br>701 Brooks Avenue South<br>Thief River Falls, MN 56701<br>Phone: 1-800-344-4539 or 218-681-6674<br>Fax: 218-681-3380 |
| **Toppan Photomasks Inc.**<br>Attn: Legal Department<br>131 Old Settlers Boulevard<br>Round Rock, TX 78664<br>Phone: 512-310-6500<br>Fax: 512-310-6544 | **CST Computer Service Technology, Inc.**<br>Attn: Legal Department<br>2336 Lu Field Road<br>Dallas, Texas 75229<br><br>Attn: Legal Department<br>492 Old Connecticut Path, Suite 505<br>Framingham, Massachusetts, 01701 |
| **Transportation World Wide**<br>Attn: Legal Department<br>16930 Park Row<br>Houston, Texas 77084<br>Phone: 800-752-2217 ·<br>281-492-7717<br>Fax: 281-492-8248<br>E-mail: tww@tww.net | **Best Shipping Ever Inc.**<br>Attn: Legal Department<br>734 Grand Ave.<br>Ridgefield, NJ 07657<br>Phone: 201-941-5540<br>Fax: 201-941-5535<br>Toll free 877-639-4010 |

9

| | |
|---|---|
| **Zilliant**<br>Attn: Legal Department<br>3815 South. Capital of Texas Hwy, Suite 300<br>Austin, TX 78704<br>Phone: 512-531-8500<br>Fax: 512-531-8599<br>Toll Free: 877-893-1085 | **Ovonyx, Inc.**<br>Attn: Legal Department<br>2956 Waterview Drive<br>Rochester Hills Michigan 48309<br>Phone: 248-299-6022<br>Fax: 248-659-1500<br>E-mail: webmasters@ovonyx.com |
| **Global LT Ltd.**<br>Attn: Legal Department<br>1871 Woodslee Drive<br>Troy, Michigan 48083<br>Toll Free:+1 888 645 LTT1<br>Phone: 248-786-0999<br>Fax:  248-786-0985 | **FutureMark Corporation**<br>Attn: Legal Department<br>12930 Saratoga Avenue, Suite B-7<br>Saratoga, California 95070<br>Phone: 408-517-9020<br>Fax: 408-517-9119 |
| **EDIFECS**<br>Attn: Legal Department<br>2600 116th Avenue NE, Ste. 200<br>Bellevue WA, 98004<br>Phone:  425-452-0630<br>Fax: 425-452-0626 | **King and Spalding LLP**<br>Attn: Legal Department<br>1185 Avenue of the Americas<br>New York, New York 10036<br>Phone.: 212-556-2100<br>Fax: 212-556-2222 |
| **Dassault Systemes Enovia Corp**<br>Attn: Legal Department<br>900 Chelmsforst Street, tower 2, 5th Floor<br>Lowell MA, 01851 | **SAVVIS Communications corporation ( A Missouri Corporation)**<br>Attn: Legal Department<br>One SAVVIS Parkway<br>Town & Country, Missouri 63017 |
| **Thomson Financial LLC**<br>Attn: Legal Department<br>195 Broadwa 7th Floor<br>New York, New York 10007<br>Phone. :646-822-2000 | **STEC, Inc.**<br>Attn: Legal Department<br>3001 Daimier Street<br>Santa Ana, California 92705 |
| **INRALINKS**<br>Attn: Legal Department<br>150 East 42nd Street 8th Floor<br>New York, New York 10017-5612 | **Broadridge**<br>Attn: Legal Department<br>2 Journal Square Plaza<br>Jersey City, New Jersey 07306 |

10

ny-879315

| | |
|---|---|
| **Mesirow Financial Consulting LLC**<br>Attn: Legal Department<br>NY 666 Third Avenue, 21st Floor<br>New York, New York<br><br>Attn: Legal Department<br>350 North Clark Street<br>Chicago, Illinois 60654 | **Deutsche Bank Trust Company Americas**<br>Attn: Rodney Gaughan<br>60 Wall Street<br>New  York, New York 10005 |
| **Lakita Blair, Linda Frazier, Bonnie Wright,** *et. al.*<br>C/O: Klehr, Harrison, Harvey, Branzburg & Ellers LLP,<br>Attn: Michael William Yurkewicz<br>919 Market St., Suite 1000<br>Wilmington, Delaware 19801 | **LSI Corp.**<br>C/O: Capshaw DeRieux, LLP<br>Attn: Elizabeth L. DeRieux, Esq.<br>1127 Judson Road, Ste 220,<br>Longview, Texas 75601-5157<br><br>C/O: Adduci, Mastriani & Schauber, L.L.P<br>Attn: Sarah H. Hamblin<br>1200 Seventeenth Street, NW<br>Fifth Floor<br>Washington, DC 20036<br>Phone: 202-467-6300<br>Fax  202-466-2006<br><br>Corporate Head Quarters:<br>Attn: Legal Department<br>1621 Barber Lane<br>Milpitas, CA 95035<br>Phone: 866-574-5741 (US Calls)<br>Phone: 408-954-3108 (Non-US Calls) |
| **Governmental Parties** ||
| **Securities & Exchange Commission Headquarters**<br>100 F Street, NE<br>Washington, DC 20549<br>Attn:    Legal Division<br>Phone:  202-942-8088 | **U.S. Attorney's Office**<br>Justin W. Williams United States Attorney's Building<br>2100 Jamieson Ave<br>Alexandria, VA 22314<br>(703) 299-3700 |

ny-879315

| **US Patent and Trademark Office** | |
|---|---|
| **Office of the General Counsel** <br> US Patent and Trademark Office <br> PO Box 1567 <br> Arlington, Virginia 22215 <br><br> **Office of the Deputy General Counsel for General Law** <br> U.S. Patent and Trademark Office <br> PO Box 1450 <br> Alexandria, Virginia 22313-1450 <br> Phone: 571-272-3000 <br> Fax: 571-273-0099 <br> **Litigation Address:** <br> Office of the Solicitor <br> Director of the United States Patent and Trademark Office <br> P.O. Box 15667 <br> Arlington, Virginia 22215 <br> **General Counsel** <br> U.S. Patent and Trademark Office <br> P.O. Box 1450 <br> Alexandria, Virginia 22313-1450 <br> Phone: 571-272-7000 <br> Fax: 571-273-0099 | |
| **Counsel for LSI** | |
| **Spotts Fain, A Professional Corporation** <br> Robert H. Chappell, III <br> 411 East Franklin Street <br> Suite 600 <br> Richmond, Virginia 23219-2200 <br> Phone: 804-697-2025 <br> Fax: 804-696-2125 | |

12

ny-879315

## **Exhibit F**

**Goren, Todd**

---

**From:** Reed Kathrein reed@hbsslaw.com
**Date:** March 15, 2021 at 8:37:05 PM PDT
**To:** "Lutz, Brian M." <BLutz@gibsondunn.com>, "Kahn, Michael J." <MJKahn@gibsondunn.com>
**Cc:** jgeorge@rgrdlaw.com, hdeshmukh@rgrdlaw.com, wesleyw@hbsslaw.com, "[EXT] Williams, Shawn" <shawnw@rgrdlaw.com>
**Subject: Wirecard - Failure to Respond to Complaint**

[External Email]

Brian and Michael:

As you recall Defendants took no position with respect to consolidation of the Dalpogetto and Brown securities fraud cases against Wirecard and others.
DalPoggetto was transferred to Pennsylvania and the case was consolidated. Gibson Dunn was still on the docket as counsel for Defendants Wirecard, Braun, Marsalek, Ley, Steidl and Von Knoop at the time of consolidation.

Since then, the lead plaintiffs have filed a consolidated amended complaint (attached) and the time to respond has passed.

At this point, the Defendants you represent are currently in default.

Please advise as to how you would like to proceed.

Reed Kathrein | Partner
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202, Berkeley, CA 94710
Direct: (510) 725-3000 Cell 415-699-6355 (Use cell during COVID crisis) reed@hbsslaw.com<mailto:reed@hbsslaw.com> | www.hbsslaw.com<https://www.hbsslaw.com>

[Hagens Berman Logo]
Named 2018 Titan of the Plaintiffs' Bar<https://www.hbsslaw.com/cases/closed-case/pressrelease/closed-case-hagensbermans-co-founder-and-managing-partner-steve-w-berman-named-2018-titan-of-the-plaintiffs-bar> by Law360 and received the Plaintiffs' Trailblazer Award <https://www.hbsslaw.com/cases/closed-case/pressrelease/closed-casehagens-berman-managing-partner-steve-berman-receives-2017-plaintiffs-trailblazer-award> in 2017 from The National Law Journal